http://www.va.gov/vetapp16/Files5/1639941.txt

Citation Nr: 1639941 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 16-47 051 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York

THE ISSUES

1. Entitlement to service connection for a left foot disability other than hammertoe deformities of the second toes.

2. Entitlement to an initial compensable evaluation for hammertoe deformity of the right second toe.

3. Entitlement to an initial compensable evaluation for hammertoe deformity of the left second toe.

(The issues of entitlement to service connection for a thoracolumbar spine disability, entitlement to an initial evaluation in excess of 10 percent for headaches, and entitlement to a total disability evaluation based on individual unemployability due to service-connected disabilities (TDIU) are the subjects of a separate decision.)

REPRESENTATION

Appellant represented by: Karl Kazmierczak, Attorney at Law

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

P. Olson, Counsel

INTRODUCTION

The Veteran had active military service in the U.S. Air Force from May 1982 to February 1985.

This matter comes before the Board of Veterans' Appeals (Board or BVA) on appeal from a September 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Buffalo, New York.

In January 2016, the Veteran testified at a videoconference hearing. A transcript of that hearing is of record.

The claims file is now entirely in VA's secure electronic processing systems, Virtual VA and Veterans Benefits Management System (VBMS).

The issue of entitlement to service connection for a left foot disability other than hammertoe deformities of the second toes is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDING OF FACT

The Veteran has hammertoe deformities of single toes of each foot; his symptoms do not more nearly approximate all toes, unilateral, without claw foot.

CONCLUSIONS OF LAW

1. The criteria for an initial compensable rating for hammertoe deformity of the right second toe have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.7, 4.71a, Diagnostic Code 5282 (2015).

2. The criteria for an initial compensable rating for hammertoe deformity of the left second toe have not been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.7, 4.71a, Diagnostic Code 5282 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSIONS

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). As service connection, an initial rating, and an effective date have been assigned, the notice requirements of 38 U.S.C.A. § 5103(a) have been met. VA has fulfilled its duty to assist the Veteran in obtaining identified and available evidence needed to substantiate a claim, and as warranted by law, affording VA examinations. He was provided the opportunity to present pertinent evidence and testimony. In sum, there is no evidence of any VA error in notifying or assisting him that reasonably affects the fairness of this adjudication. 38 C.F.R. § 3.159(c).
 
Disability ratings are determined by applying the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The Veteran is appealing the original assignment of a disability evaluation following an award of service connection for hammertoe deformities of the second toes. As such, it is not the present level of disability which is of primary importance, but rather the entire period is to be considered to ensure that consideration is given to the possibility of staged ratings; that is, separate ratings for separate periods of time based on the facts found. Fenderson v. West, 12 Vet. App. 119 (1999).

The Veteran's service-connected hammertoes have been rated as noncompensable under 38 C.F.R. § 4.71, Diagnostic Code 5282 which governs the evaluation of hammertoe disabilities. This provision provides that hammertoe of single toes is rated noncompensable while hammertoe of all toes, unilateral without claw foot, is rated 10 percent disabling. 

In March 2011, the Veteran had a developing hammertoe, second digit on the left, which was beginning to become rigid. The Veteran underwent VA examinations in September 2012 and March 2015 at which time physical examination demonstrated hammertoes of the right and left second toes. 

As the Veteran has hammertoes of the second toes only, his symptoms do not more nearly approximate the criteria for a 10 percent rating under Diagnostic Code 5282. The Board notes that it has a duty to acknowledge and consider all regulations that are potentially applicable. Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). Here, however, although the Veteran has been diagnosed with multiple other foot disabilities, those have not at this time been found to be service-connected. Moreover, the Veteran has been diagnosed with, and service-connection has been established for, hammertoes, a disorder that is specifically listed in the Rating Schedule. The Board is, therefore, precluded as a matter of law from rating this disability by analogy to other rating provisions, to include consideration of Diagnostic Code 5284. Suttmann v. Brown, 5 Vet. App. 127, 134 (1993); Copeland v. McDonald, 27 Vet. App. 333 (2015).

As the preponderance of the evidence reflects that an initial compensable rating for the Veteran's bilateral hammertoe disability is not warranted under the applicable diagnostic code, the benefit of the doubt doctrine is not at issue and the claim is denied. 38 U.S.C.A. § 5107 (b) (West 2014); 38 C.F.R. § 4.3 (2014).

ORDER

Entitlement to a compensable evaluation for hammertoe deformity of the right second toes is denied.

Entitlement to a compensable evaluation for hammertoe deformity of the left second toes is denied.

REMAND

The Veteran seeks service connection for a left foot disability. As noted above, service-connection has been established for hammertoe deformities of the second toe of the left foot; thus, the issue remaining on appeal is for any other left foot disability. 

The service treatment records indicate that the Veteran complained in July 1984 of pain in the left heel for two weeks without trauma. X-rays showed no significant abnormality. The Veteran was seen in November 1984 for a shoe waiver with complaints that the steel toe boots that he had to wear for his job hurt his feet. Examination demonstrated inflamed toenail of fourth digit of both feet; he was prescribed double width shoes. On the clinical examination for separation from service, the Veteran's feet were evaluated as normal. Further, on the Report of Medical History completed by the Veteran in December 1984 in conjunction with his separation physical, he denied ever having foot problems. 

VA treatment records indicate that in March 2011, the Veteran reported left foot pain at the second metatarsophalangeal plantarly. After physical examination, the Veteran was diagnosed as having developing hammertoe on the second digit on the left as well as two palpable discrete lesions along the course of the plantar fascia in the central aspect of his longitudinal arch area. He was treated with a strap to plantar flex the great toe and a dancer pad to help offload the second metatarsophalangeal joint. 

In January 2012, a prescription was given for devices and transverse met pad for treatment of metatarsalgia and predislocation syndrome. Later that month, the Veteran reported that he had become accustomed to the pad, and it was pain free and tolerable. 

As noted above, the Veteran underwent VA examination in September 2012. At that time, the Veteran reported that in basic training he required two different pairs of shoes to help alleviate foot pain and recalled being treated in service for swollen Achilles tendon for which he received steroid therapy. The Veteran reported that about 10 years prior, he was walking and felt like he stepped on something causing it to shatter; however, when he looked down there was nothing there. He, however, developed severe pain with difficulty walking and also developed bumps on the bottom of his feet that at times would swell and become painful. The Veteran reported that he was diagnosed with bilateral hammertoe and metatarsalgia by a VA podiatrist in March 2011 and had been fitted for orthotics which improved his symptoms. The Veteran reported that when he took them off, he could not walk at all because he had to walk on the sides of his feet to alleviate the pain. Physical examination demonstrated hammertoes of the right and left second toes; and he was diagnosed as having metatarsalgia and hammer toes.

Private treatment records indicate that the Veteran presented in May 2013 with metatarsalgia at which time he noted that his custom orthotics were helping and that he had no complaints with standing or ambulating after donning orthotics. A couple days later, he stated that his new custom orthotics appeared to be good with standing and ambulating, but once he made it to the elevator, his arches were extremely painful. In June 2013, the Veteran presented with complaints of left fourth toe and first to third metatarsal discomfort of both feet. The Veteran presented in September 2014 with complaint that the joint of the big toe on his left foot had become very stiff and painful, and that it had started just a few months prior after wearing his orthotics from VA. He was assessed as having functional hallux limitus/dorsal bunion. His orthotics were adjusted to put less pressure in the distal arch of the left foot; and this was noted to alleviate his symptoms. 

In a statement from the Veteran's wife dated in December 2014, she noted that he was completely incapable of walking without shoes or thick slippers and that he had been prescribed special shoe inserts. She noted that the Veteran complained little of his feet during the day, but they irritated him in the evenings, especially if he walked any appreciable distance (over 1/8 mile), and became very painful and swollen often to the point where he could not stand the pain of the sheets on his big toes. She noted that the arch and ball areas of both of his feet had become extremely painful and that there was a constant feeling of deep tingling in the worn-out footpads of both feet. 

As noted above, the Veteran underwent VA examination in March 2015. At that time, he reported having chronic pain worse with weight bearing and that he used inserts and Motrin for pain. The Veteran reported that his foot condition limited weight bearing and walking and that he could not walk barefoot due to pain. The Veteran reported pain at the balls of his feet and through his toes. He reported that flare-ups caused increased pain and further decreased weight bearing. The examiner noted excess fatigability, pain on movement, pain on weight-bearing, disturbance of locomotion, interference with standing, and lack of endurance bilaterally. The examiner noted that during flare-ups there was further pain which limited use. The Veteran was diagnosed as having bilateral hammertoes and metatarsalgia bilaterally. 

The Board finds that the VA examinations of record are inadequate to enable the Board to determine the etiology of a foot disability other than hammertoes, and that the matter must, therefore, be remanded so that an adequate VA opinion may be obtained. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be requested to indicate if he has received any VA or non-VA medical treatment for any claimed left foot disability other than hammertoe deformities of the second toes that is not evidenced by the current record. If so, the Veteran should be provided with the necessary authorizations for the release of any treatment records not currently on file. These records should then be obtained and associated with the claims folder. The Veteran should be advised that he may also submit any evidence or further argument relative to the claim at issue.

2. The Veteran should be afforded a VA examination by a podiatrist. The examiner is to be provided access to Virtual VA and VBMS and must specify in the report that these records have been reviewed. All pertinent symptomatology and findings should be reported in detail. Any indicated diagnostic tests and studies should be accomplished. 

The examiner should identify all current chronic foot disorders other than hammertoe deformities of the second toes and provide an opinion as to whether it is at least as likely as not that each such disorder is related in any way to the Veteran's active duty service to include symptoms documented during such service. 

It would be helpful if the examiner would use the following language, as may be appropriate: "more likely than not" (meaning likelihood greater than 50%), "at least as likely as not" (meaning likelihood of at least 50%), or "less likely than not" or "unlikely" (meaning that there is a less than 50% likelihood). The term "at least as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. The examiner should provide a complete rationale for any opinion provided.

3. The Veteran is to be notified that it is his responsibility to report for the examination and to cooperate in the development of the claim. The consequences for failure to report for a VA examination without good cause may include denial of the claim. In the event that the Veteran does not report for the aforementioned examination, documentation should be obtained which shows that notice scheduling the examination was sent to the last known address. It should also be indicated whether any notice that was sent was returned as undeliverable.

4. After the development requested has been completed, the examination report should be reviewed to ensure that it is in complete compliance with the directives of this REMAND. If the report is deficient in any manner, corrective procedures should be implemented at once. 

5. The case should be reviewed on the basis of the additional evidence. If the benefit sought is not granted in full, the Veteran and his representative should be furnished a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs